UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Magaly Bernard )<br>)<br>Defendant. )<br>_____ ) | 3:10MC134RNC<br><br>Next Deadline: N/A |

## MOTION TO QUASH SUBPOENA

Magaly Bernard hereby respectfully requests that this court quash the subpoena purportedly served upon Magaly Bernard, or in the alternative declare that no valid subpoena has properly been served upon Magaly Bernard pursuant Fed. R. Civ. 45.

As grounds therefore Magaly Bernard states as follows:
1. Magaly Bernard lives and works in the state of Connecticut. Magaly Bernard is not located within, or operates any business within, the District of Columbia or within 100 miles of this court.

2. On or about August 21, 2010 plaintiff ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG, through counsel, purported to serve on Magaly Bernard a subpoena by UPS, copy of which is attached hereto as exhibit A.

3. The said purported subpoena was not served in person as required by Fed. R. Civ. P. 45(b).

4. The purported subpoena does not set forth a place for responding thereto that is within 100 miles of the residence or place of business of Magaly Bernard as required by Fed. R. Civ. P. 45(c) (3) (B) (iii).

5. Finally, and most importantly, the purported subpoena would require that Comcast disclose to the plaintiffs a list of personal information of persons who have downloaded certain content or information of public interest, on a matter of ongoing intense political debate, despite these persons' privacy interest in avoiding such disclosure and despite their legitimate expectation of privacy in anonymously accessing and/or downloading information of interest to them from the internet. In addition to being unduly burdensome and unfair to Magaly Bernard, this request raises concerns of tremendous constitutional significance, that should not be resolved lightly or without careful analysis of their implications. The Supreme Court has repeatedly reaffirmed the constitutional right to speak anonymously, see, e.g., MacIntyre v. Ohio Electronics Commission, 514 U.S. 334, 342 (1995), and at least one court has recognized the importance of protecting

anonymous speech in the internet context. See ACLU v. Miller, 977 F. Supp. 1228, 1231 (N.D. Ga. 1997).

6. This court need not reach these complex constitutional issues, however, because the subpoena should be quashed for the reason (in addition for those set forth above) that they are in support of a case that is not properly before this court. The pending case is improper for at least two dispositive reasons:
      a. First, the court lacks personal jurisdiction over the defendant named in the complaint, and the underlying case must therefore be dismissed for that reason as well. The persons alleged to have committed the copying do not reside or work in this judicial district, and are not alleged to have acted in this judicial district. This point, too, is argued in greater detail in the accompanying opposition to motion for preliminary injunction, and will not be repeated here.
      b. Second, it was improper of the plaintiff to add Magaly Bernard into the lawsuit with others (called "joinder"), or that the First Amendment requirements for revealing your name and address have not been met. In addition, the evidence against Magaly Bernard is pretty slim, based mostly on pages of supposedly infringing IP addresses.

7. The anonymity of persons accessing internet web sites should not be breached in aid of a case not properly filed in this court. Indeed, in a similar situation, Columbia Insurance Co. v. SEESCANDY, Inc., 185 F.R.D 573, 578-80 (N.D. Cal 1999), the court held that it would not breach the anonymity of an internet poster without first requiring plaintiff to show the adequacy of the complaint. See id. ("Plaintiff should establish to the court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss. A conclusory pleading will never be sufficient to establish this element.")

8. For each of the above reasons, the subpoena is invalid. Moreover, Magaly Bernard is not subject to personal jurisdiction in this court. Nonetheless, out of an abundance of caution, Magaly Bernard is filling the within motion rather than ignoring the invalid subpoena as rule 45 would permit her to do.

### Conclusion

The subpoena must be quashed because they violate the geographic limitations of rule 45, and because they impose an undue burden on Magaly Bernard that raises significant constitutional questions. More fundamentally, they must be dismissed because they are in aid of an underlying case that itself must be dismissed for lack of personal jurisdiction, and improper evidence against the defendant. It is improper to impose on a third party the burden of any subpoena – particularly one that raises a host of thorny privacy issues.

Respectfully submitted,
Magaly Bernard

*magaly Bernard*

Dated August 27, 2010

Comcast
650 Centerton Road
Moorestown, NJ 08057

## Certification

    This is to certify that a copy of the foregoing has been mail, postage prepaid, this 2nd day of September, 2010 to the following counsel of record:

*Magaly Bernard*
Magaly Bernard
132 Collins st. #101 06105
Hartford, CT

2010 SEP -3 P 1:16
US DISTRICT COURT
HARTFORD CT
FILED