UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG )<br><br>Plaintiff, )<br><br>v. )<br><br>DOES 1 – 2,094 )<br><br>Defendants. ) | CA. 1:10-cv-00453-RMC<br><br>**Next Deadline:** N/A |

## CORRECTED [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

The Court has read all the papers filed in connection with the Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference ("Motion"), and considered the sworn declarations and issues raised therein, including the relevant privacy issues and the unique aspects of "torrent" infringement.

ORDERED that Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference is granted. ORDERED that Plaintiff is allowed to serve immediate discovery on the internet service providers (ISPs) listed in Exhibit A to the Complaint filed in this matter to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses; it is further

ORDERED that the Plaintiff may serve immediate discovery on any ISP identified by the same means detailed in the Declarations and Motion, or identified as providing network access or online services to one or more Doe Defendants, by an ISP upon whom a Rule 45 subpoena is

06/02/2010 16:44 FAX 215 640 7017    COMCAST BUSINESS COMMUNI                            ☒002

Case 3:10-mc-00134-RNC   Document 2   Filed 09/17/10   Page 2 of 3
Case 1:10-cv-00453-RMC   Document 6   Filed 03/23/10   Page 2 of 3

served, for which an infringing download has been identified by individual IP address together with the date and time access to the torrent network by such IP address was made for the purpose of downloading an unlawful copy of the Plaintiff's film "*Far Cry*" (the "Motion Picture"). Such Rule 45 subpoena shall seek information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, e-mail address, and Media Access Control Address.

ORDERED that Plaintiff is allowed to serve a Rule 45 subpoena in the same manner as above to any ISP that is identified in response to a subpoena as a provider of internet services to one of the John Doe Defendants; it is further

ORDERED any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

ORDERED any ISP which receives a subpoena shall not assess any charge to the Plaintiff in advance of providing the information requested in the Rule 45 Subpoena or for IP addresses which are not controlled by such ISP, duplicate IP addresses that resolve to the same individual, other IP address that does not provide the name and other information requested of a unique individual, or for the ISPs internal costs to notify its customers; and it is further

ORDERED that any ISP which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such ISP; it is further

ORDERED that if the ISP and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 30 days from the date of service; it is further

ORDERED that the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; and it is further

ORDERED that Plaintiff shall provide each ISP with a copy of this Order.

Dated: 22 March 2010

*[signature]*

Hon. Rosemary M. Collyer
United States District Judge